IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv159 |
| TDCJ CORPORATION, et al. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Barry Emmett, a prisoner of the Texas Department of Justice (TDCJ) proceeding *pro se*, raised religious-liberties claims about his diet in a previous civil rights lawsuit pending in this Court. On April 22, 2022, the Court found this claim to be improperly joined with the other claims in that case and severed it into this new action. (Dkt. #7.)

On April 27, 2022, the Court observed that Plaintiff is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in the absence of any claim of imminent physical danger in connection with the alleged violation of his religious liberties. (Dkt. #8); see *Order of Dismissal, Emmett v. Julye*, No. 3:21-cv-372 (S.D. Tex. Jan. 24, 2022) (recounting Plaintiff's history as "a recreational litigant who has filed more than 60 prisoner civil-rights actions and at least 20 appeals in the federal courts" and denying leave to proceed *in forma pauperis*). Accordingly, it gave him thirty days to pay the filing fee for this case. (Dkt. #8 at 1, 3.) More than thirty days have passed, and Plaintiff has not paid the filing fee to proceed with this case.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. See *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); Fed. R. Civ. P. 41(b). Here, Plaintiff failed to comply with the order directing him to pay the filing fee.

Dismissal with prejudice for failure to prosecute or to comply with an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to comply with an order in this case is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

Accordingly, the undersigned recommends that this case be dismissed, without prejudice, for failure to pay the required filing fee and to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 1st day of September, 2022.

2

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE